UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.    1:25-cr-00021-JRS-KMB |
| | ) | |
| COREY SARTIN, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On August 12, 2025, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 31, 2025.  Defendant Sartin appeared in person with his appointed counsel Dominic Martin.  The government appeared by Nate Walter, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Katherine Lindley.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.    The Court advised Defendant Sartin of his rights and provided him with a copy of the petition.  Defendant Sartin orally waived his right to a preliminary hearing.

2.    After being placed under oath, Defendant Sartin admitted violation numbers 6 and 7.  [Docket No.16.]   Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **"You shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release."** |

Mr. Sartin submitted a urinalysis sample on July 14, 2025 that tested positive for cannabinoids; at the time of submission, he admitted marijuana use.

| | |
|---|---|
| 7 | **"You shall participate, at the direction of a probation officer, in a substance abuse treatment program."** |

On July 28, 2025, notification was received from Cornerstone Support Services that Mr. Sartin has not attended substance abuse counseling since April 2025.

4.      The parties stipulated that:

(a)      The highest grade of violation is a Grade C violation.

(b)      Defendant's criminal history category is I.

(c)      The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

5.      The parties jointly recommended a sentence of 9 months with no supervised release to follow.  Defendant requested placement at FCI Milan, Michigan.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 9 months with no supervised release to follow. The Magistrate Judge will make a recommendation of placement at FCI Milan, Michigan.  The

Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

Defendant reviewed the above noted conditions with his attorney.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 8/13/2025

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system